UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Frankie M. Reed, | ) | C/A No. 3:04-1496-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| and Henry McMaster, Attorney General | ) | |
| of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Frankie M. Reed is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of counsel contending that "he is in custody in violation of the Constitution of the United States." 28 U.S.C. § 2254(a). On March 31, 2005, this Court granted summary judgment to respondents as to petitioner's grounds one (1), two (2), three (3), five (5), six (6), seven (7), eight (8), nine (9) and granted petitioner's Motion for Summary Judgment as to ground four (4). The petitioner was conditionally granted a new probation revocation hearing appeal, conditioned upon the South Carolina Supreme Court granting Reed a belated appeal within 120 days of the issuance of that order. If the Supreme Court fails to grant Reed a review of his probation revocation hearing, the parties are to notify this Court. In that event, this Court will then issue a writ of habeas corpus to allow a new probation revocation hearing, de novo, within a reasonable time.

On April 13, 2005, petitioner filed a "Motion for Bail Pending Petition, and Order of U.S. District Court." In that motion petitioner states: "The petitioner poses no flight risk, or to society, and

1

has employment as a barber, as mentioned in previous petitions for bail. By being granted this petition, petitioner would have the opportunity to provide his own private attorney." Respondents filed a response to this motion, after being granted an extension of time in which to respond, on May 9, 2005.

This motion is one for release on bail pending a decision on a habeas petition. In order for this Court to grant bail, the petitioner must show both a likelihood of success on the merits and extraordinary circumstances that make bail necessary to effectuate the habeas remedy. *See e.g., Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992); *Gomez v. U.S.*, 899 F.2d 1124, 1125 (11th Cir. 1990); *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). The habeas remedy in the instant case is an appeal from petitioner's probation revocation hearing. Reed is in a position no different than he would have been in had his attorney filed a notice of appeal from his probation revocation and he was awaiting disposition of his appeal–incarcerated, because his probation was revoked. Additionally, petitioner has failed to present any extraordinary circumstances or relevant factors that would qualify him to be released on bail.

Therefore, for the reasons above and those argued by respondents, petitioner's Motion for Bail is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 11, 2005
Florence, SC

2